ARTHUR H. LIVINGSTONE, PETITIONER-PROSECUTOR, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Argued October 7, 1942—Decided December 11, 1942.

Before Justices CASE, DONGES and COLIE.

For the petitioner-prosecutor, *Harry Souchal* (*Samuel Levinson,* of counsel).

For the defendant-respondent, *Bolte, Miller & Repetto* (*Harry Miller,* of counsel).

The opinion of the court was delivered by

COLIE, J.   This matter comes before the court upon the return of a rule to show cause why *certiorari* should not be allowed to review an order of the Atlantic County Court of Common Pleas entering judgment in favor of the respondent and against the prosecutor.

Arthur H. Livingstone was employed by Annie Livingstone, who operated a drug store located at 100 North Main Street in Pleasantville, New Jersey. The place of operation of the store was to be moved from 100 North Main Street to 56 North Main Street in the same city. In preparation for moving the business, the employee, while handling some steel girders at 56 North Main Street, which were to go into the structure, sustained an injury. He filed a petition in the Workmen's Compensation Bureau and, his employer not

appearing and defending, an award was made. The employer, Annie Livingstone, paid no part of the award, whereupon the prosecutor applied to the Court of Common Pleas to enforce the payment of the award by the insurance carrier, Hartford Accident and Indemnity Company. *R. S.* 34:15-84. In the proceedings before the Court of Common Pleas, the insurance carrier filed an answer containing several defenses, the gist of which was that the employment, at the time of the accident, was not within the inclusions of its policy issued to Annie Livingstone.

The policy in question was a standard form and the schedule of operations embodied therein set forth that the business of the insured was located at "100 N. Main Street, Pleasantville, N. J. Drug Stores—retail—including Clerical Office Employees; Salesmen; Drivers, Chauffeurs and their Helpers." It seems clear that the unloading of iron girders · at a different location from that stipulated by the contract between the insured and its carrier is not one of the functions that a reasonable person would consider to be comprehended within the duties of a clerical helper, a salesman, driver, chauffeur or their helpers in the conduct of a retail drug store.

Prosecutor argues that the judgment in the Common Pleas does not give effect to *R. S.* 34:15-87: "No policy of insurance against liability arising under this chapter shall contain any limitation of the liability of the insurer to an amount less than that payable by the assured on account of his entire liability under this chapter, and no provision of such policy shall be construed to restrict the liability of the insurer to any stated business, plant, location, or employment carried on by an assured unless the business, plant, location, or employment excluded by such restriction shall be concurrently separately insured or exempted as provided for in this article."

The renovating and remodelling of the premises at 56 North Main Street was not a separate business as ordinarily understood. *American Mutual Liability Insurance Co.* v. *Chodosh,* 123 *N. J. L.* 81; *affirmed,* 124 *Id.* 561; *Romano* v. *DiDonato,* 128 *Id.* 325.

The application for a writ of *certiorari* is denied, with costs.